UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ERIC D. HARMON,<br>　　　　Plaintiff,<br>　　v.<br>NANCY A. BERRYHILL,<br>　　　　Defendant. | Case No. 17-cv-05139-RMI<br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br>Re: Dkt. No. 13 |

Plaintiff Eric D. Harmon seeks judicial review of an administrative law judge ("ALJ") decision denying his application for benefits under Title XVI of the Social Security Act ("the Act"). Plaintiff's request for review of the ALJ's unfavorable decision was denied by the Appeals Council. (Doc. 13-3.) The ALJ's decision is therefore the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge (Docs. 6, 10). Pending before the court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 13.) Plaintiff opposes the motion. (Doc. 18.) For the reasons stated below, the court will grant Defendant's motion to dismiss.

**PROCEDURAL HISTORY**

On March 16, 2016, the ALJ issued a hearing decision denying Plaintiff's claim for benefits, and mailed a copy of that decision to Plaintiff. (Docs. 13-1, para. 3(a); 13-2.) On June 15, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner, and notified Plaintiff of the right to commence a civil action within 60 days from the date of receipt. (Docs. 13-1, para. 3(a); 13-3.) Plaintiff filed a request for

an extension of time to file a civil court action on August 11, 2017, 57 days after the Appeals Council's denial. (Doc. 13-1, para. 3(b).) Plaintiff did not receive a response from the Appeals Council prior to his filing deadline, August 21, 2017. Plaintiff filed the complaint in this action on September 4, 2017. (Doc. 1.) On October 6, 2017, the Appeals Council denied Plaintiff's request for an extension of time to file in a complaint for judicial review. (Doc. 13-4.)

## CONTROLLING LAW

It is well settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Hercules Inc. v. United States*, 516 U.S. 417, 422 (1996), quoting *United States v. Testan*, 424 U.S. 392, 399 (1976), and *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941). Conditions on the waiver of sovereign immunity must be strictly construed in favor of immunity. *See Lane v. Pena*, 518 U.S. 187, 192 (1996); *Bowen v. City of New York*, 476 U.S. 467, 479 (1986).

Sections 205(g) and (h) of the Act, 42 U.S.C. § 405(g) and (h), authorize judicial review in cases arising under the Act.

42 U.S.C. § 405(g) provides in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(h) provides in part:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

Accordingly, 42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review in cases arising under the Act.

The requirement for requesting additional time is found at 20 C.F.R 404.982:

> Any party to the Appeals Council's decision or denial of review, or to an expedited appeals process agreement, may request that the time for filing an action in a Federal district court be extended. The request must be in writing and it must give the reasons why the action was not filed within the stated time period. The request must be filed with the Appeals Council, or if it concerns an expedited appeals process agreement, with one of our offices.

## DISCUSSION

Defendant contends that the court should dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because it was untimely filed and this action is barred by the statute of limitations. As set forth in the above provisions of the Act, the only civil action permitted on any claim arising under Title II or Title XVI is an action to review the "final decision of the Commissioner made after a hearing" and such action must be "commenced within sixty days after the mailing to [the party bringing the action] of notice of such decision or within such further time as the Commissioner may allow." The Commissioner's regulations define "mailing" as the date the individual receives the Appeals Council's notice of denial of request for review. *See* 20 C.F.R. § 422.210(c); *see also* 20 C.F.R. §§ 404.981, 416.1481. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. *See* 20 C.F.R. §§ 416.1401, 422.210(c).

It is undisputed that the Appeals Council order that was mailed to Plaintiff was dated June 15, 2017, and that Plaintiff was notified that he must appeal that decision within 60 days. Even assuming that Plaintiff received the order 5 days later, Plaintiff was required to commence a civil action on or before August 21, 2017, unless he was granted a request for an extension.[1] Plaintiff requested an extension from the Appeals Council on August 11, 2017. Defendant argues that because Plaintiff did not receive a response from the Appeals Council prior to the filing deadline, he was required to timely file his civil action. Plaintiff, however, did not file his complaint for

---

[1] Pursuant to 20 C.F.R. §§ 416.1401 and 422.210(c) Plaintiff is presumed to have received the Appeals Council's denial of the request for review on June 20, 2017. This information was provided in the Appeals Council decision. (Doc. 13-2.) Therefore, on June 20, 2017, Plaintiff had 60 days to file a civil action. Because that date falls on Saturday, August 19, 2017, his deadline was August 21, 2017, which is the following Monday.

3

1 judicial review until September 4, 2017, and the Appeals Council subsequently denied his
2 extension request. Failure to seek judicial review before the statutory deadline results in the
3 Commissioner's decision becoming final and non-appealable. *See* 20 C.F.R. § 404.900(b) ("If you
4 are dissatisfied with our decision in the review process, but do not take the next step within the
5 stated time period, you will lose … your right to judicial review."). Defendant contends that the
6 action should therefore be dismissed as untimely.

Plaintiff responds to Defendant's contention that his complaint was untimely with three main arguments. First, Plaintiff argues that the complaint was timely filed. He stresses that he filed a timely request for an extension of time to file his complaint for judicial review, and then filed his complaint within the requested extended time period. Plaintiff, however, provides no legal authority for the proposition that a complaint for judicial review is timely if filed within the time period sought in a pending, unresolved request for an extension of time. Defendant cites several authorities for the opposite proposition, arguing that Plaintiff was required to file his civil action by his filing deadline when he did not receive a response from the Appeals Council. "[A] Social Security claimant should not rely upon the possibility of an administrative extension of time, but rather must file suit timely to insure judicial review." *Stone v. Heckler*, 778 F.2d 645, 648 (11th Cir. 1985); accord *Waller v. Comm'r of Soc. Sec.*, 168 Fed. App'x. 919, 920–21 (11th Cir. 2006). Courts in the Ninth Circuit have reached the same conclusion. *Vasquez v. Colvin*, No. 14–00910–DFM, 2014 WL 5761133 (C.D. Cal. Nov. 5, 2014); *see also Small v. Colvin*, No. 1:14-CV-67 BAM, 2015 WL 237115,*3 (E.D. Cal. Jan. 16, 2015) (citing *Stone*, 778 F.2d at 648 and *Waller*, 168 Fed. App'x at 920-21); *Haseeb v. Colvin*, No. 3:15-CV-03931-LB, 2015 WL 9258086 (N.D. Cal. Dec. 18, 2015), aff'd *sub nom. Haseeb v. Berryhill*, 691 F. App'x 391 (9th Cir. 2017). In *Haseeb,* the court rejected plaintiff's argument that the Appeals Council routinely grants extensions of time and applies them retroactively, holding that the plaintiff could have and should have complied with the 60-day period provided by law. *Haseeb v. Colvin*, No. 3:15-CV-03931-LB, 2015 WL 9258086, *5 (N.D. Cal. Dec. 18, 2015). Based on these authorities and in the absence of any contrary authority provided by Plaintiff, the court rejects Plaintiff's claim that his complaint for judicial review was timely filed.

Plaintiff's second argument is that he showed good cause for his requested extension of time, explaining that the request for an extension stated "[t]his is because we have been attempting to reach the claimant to discuss the next steps in the case, without success." The Appeals Council, however, found that Plaintiff did not provide good cause because Plaintiff's counsel did not state how he attempted to contact or locate Plaintiff. (Doc. 13-4). Under Ninth Circuit law, this good cause determination is within the discretion of the Appeals Council, and should generally not be disturbed by a federal court for want of jurisdiction. *See Matlock v. Sullivan*, 908 F.2d 492, 493 (9th Cir. 1990) (finding "jurisdiction was lacking" for the district court to determine whether plaintiff had demonstrated good cause for filing outside the 60–day period for review); *Peterson v. Califano*, 631 F.2d 628, 630-31 (9th Cir. 1980) (Commissioner's denial of more time to file a civil action is not judicially reviewable). Accordingly, this court does not reach the issue of whether Plaintiff demonstrated good cause to support his request to the Appeals Council for an extension.

Plaintiff's third argument is that equitable tolling is appropriate in this case. In counsel's declaration, he argues that diligent efforts were made to locate Plaintiff. (Doc.18-2.) Noting that counsel was unable to file the complaint without the consent of Plaintiff, Plaintiff further argues that counsel was also unable to file the complaint without determining the competence, and even the actual current existence of Plaintiff. Plaintiff argues that under Federal Rule of Civil Procedure 11, counsel is required to present only actions for claims that are warranted by existing law with factual contentions that have evidentiary support. Plaintiff reiterates that counsel was attempting to confirm the facts that Plaintiff was alive and a willing litigant when he requested an extension from the Appeals Council. Plaintiff concludes that "[t]he Appeals Council's retroactive denial places Plaintiff's counsel into a position where he must either breach the Federal Rules of Civil Procedure or knowingly file a complaint not substantiated by fact. Equitable tolling is the only tenable remedy." (Doc. 18, 4:3-6.)

The court disagrees. The Appeals Council's retroactive denial did not place Plaintiff's counsel into a position he describes. The consequence of the retroactive denial, *i.e.*, Plaintiff's lost opportunity to pursue a complaint for judicial review, is the direct result of Plaintiff's failure to maintain contact with his counsel. Counsel had no duty to breach the Federal Rules of Civil

5

Procedure or knowingly file an unsubstantiated complaint on behalf of a client who failed to maintain contact with counsel.

The 60-day statute of limitations period provided by Congress in section 205(g) of the Act is not jurisdictional. *See Johnson v. Shalala*, 2 F.3d 918, 923 (9th Cir. 1993). However, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Bowen*, 476 U.S. at 481 (equitable tolling applies only "in the rare case"). While Plaintiff seeks equitable tolling based on his counsel's laudable efforts to contact him, it is not counsel's actions which are at issue here. Plaintiff ignores the fact that he, the litigant, failed to exercise diligence in pursuing his legal claim through the simple means of maintaining contact with his counsel. Specifically, Plaintiff did not respond to his counsel's attempts to contact him about filing a civil action until August 30, over two months after the Appeals Council's decision. (Doc. 18-2, 2:12-13.) Extraordinary circumstances do not exist in instances "where the claimant failed to exercise due diligence in preserving his legal right." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Plaintiff not only ignores the fact that he failed to exercise diligence to preserve his legal right, he also fails to provide any explanation of why he did not contact his attorney after receiving the Appeals Council's denial notice or respond to his attorney's attempts to contact him prior to the statutory filing deadline. Plaintiff otherwise fails to present any claim of extraordinary circumstances recognized in the case law. *See generally*, *Bowen,* 476 U.S. at 481 (1968) (statute of limitations equitably tolled where Government's secretive conduct prevents plaintiffs from knowing of a violation of their rights).

The court must agree with Defendant that Plaintiff's simple failure to contact his attorney and pursue his legal remedies after receiving the Appeals Council's notice of denial does not amount to the extraordinary circumstances that warrant equitable tolling of the sixty-day statute of limitations that Congress established in the Act.

Because Plaintiff did not timely file his civil action and no basis for equitable tolling exists, the court will grant Defendant's motion to dismiss Plaintiff's complaint as untimely filed pursuant to Federal Rule of Civil Procedure 12(b)(6).

# CONCLUSION

Based on the foregoing and after considering all of the parties' arguments, Defendant's motion to dismiss GRANTED.

A separate judgment will issue.

**IT IS SO ORDERED.**

Dated: October 25, 2018

ROBERT M. ILLMAN
United States Magistrate Judge